JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR (SBN 56320)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7180
    Facsimile:  (415) 436-6748
    Email:  charles.oconnor@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| URSACK, Incorporated, JACQUELINE FLORINE, GARY FISHER, and PHOENIX VAMVAKIAS,<br><br>    Plaintiffs,<br><br>v.<br><br>SIERRA INTERAGENCY BLACK BEAR GROUP; NATIONAL PARK SERVICE; UNITED STATES FOREST SERVICE; Sequoia & Kings Canyon National Parks; CRAIG AXTELL, Superintendent, Yosemite National Park; MICHAEL TOLLEFSON, Superintendent; Inyo National Forest; JIM UPCHURCH, Forest Supervisor,<br><br>    Defendants. | No. C 08-1808 JL<br><br>**THE DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Sierra Interagency Black Bear Group (also referred to herein as "SIBBG"), National Park Service, United States Forest Service, Sequoia & Kings Canyon National Parks, Craig Axtell (in his official capacity as Superintendent), Yosemite National Park, Michael Tollefson (in his official capacity as Superintendent), Inyo National Forest, and Jim Upchurch (in his official capacity as Forest Supervisor), (collectively referred to herein as "Defendants") respond to and answer the correspondingly numbered paragraphs of the Complaint filed herein, as follows:

1.  1. This paragraph constitutes Plaintiffs' statement of their case, and as such, no response is required. To the extent a response may be deemed necessary, Defendants deny the allegations contained in this paragraph.

2.  2. Defendants deny the allegations contained in the second sentence of this paragraph. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and on that basis, they are denied.

3.  3. Defendants admit that in May 2007 SIBBG conditionally approved the Ursack S-29 Hybrid for use and said that the conditional approval would be withdrawn if there were three (3) failures during 2007. Defendants also admit that on October 24, 2007, SIBBG withdrew the conditional approval of the Ursack S-29 Hybrid because at least six (6) failures had occurred prior to October 24, 2007. Defendants deny the remaining allegations contained in this paragraph.

4.  4. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first and third sentences of this paragraph, and on that basis, they are denied. Defendants deny the allegations contained in the second, fourth and fifth sentences of this paragraph. The allegations contained in the sixth sentence of this paragraph are admitted.

5.  5. Defendants deny the allegations contained in the first and third sentences of this paragraph. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and on that basis, they are denied.

6.  6. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required, but to the extent that a response is required, Defendants deny the allegations contained in this paragraph.

7.  7. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required, but to the extent that a response is required, Defendants deny the allegations contained in this paragraph.

//

8. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required, but to the extent that a response is required, Defendants deny the allegations contained in this paragraph.

9. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

10. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph, and on that basis, they are denied.   Defendants deny the allegations contained in the second and third sentences of this paragraph.

11. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

12. Defendants deny the allegations contained in this paragraph.

13. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

14. Defendants deny the allegations contained in this paragraph.

15. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

16. Defendants deny the allegations contained in this paragraph.

17. Defendants admit the allegations contained in this paragraph.

18. Defendants deny the allegations contained in this paragraph and aver that the National Park Service is a bureau of the United States Department of the Interior and that Congress created the National Park Service to administer the units of the National Park System pursuant to 16 U.S.C. § 1 et seq.  This paragraph also attempts to characterize 36 C.F.R. §1.1, but that sub-section itself is the best evidence of its content.

19. Defendants deny the allegations contained in this paragraph and aver that the Forest Service is a sub-Agency of the United States Department of Agriculture and that Congress created the Forest Service to manage public lands in national forests and grasslands.

//

20. Defendants admit the allegations contained in this paragraph except that Sequoia and Kings Canyon National Parks are units of the National Park System.

21. Defendants admit the allegations contained in this paragraph except that Yosemite National Park is a unit of the National Park System.

22. Defendants admit the allegations contained in the first and third sentences of this paragraph.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and on that basis, they are denied.

23. Defendants admit the allegations contained in the first and third sentences of this paragraph.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and on that basis, they are denied.

24. Defendants admit the allegations contained in this paragraph except to aver that the Inyo National Forest is a Forest within the National Forest System.

25. Defendants admit the allegations contained in the first and third sentences of this paragraph.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of this paragraph, and on that basis, they are denied.

26. Defendants admit the allegations contained in this paragraph.

27. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

28. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

29. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

30. Defendants admit that SIBBG has tested bear-resistant canisters at the Folsom Zoo. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and on that basis, they are denied.

31. Defendants admit the allegations contained in this paragraph except that Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the

passage quoted in the second sentence in this paragraph, and on that basis, the quoted language is denied.

32. Defendants admit the allegations contained in this paragraph except to aver that SIBBG was formed in 2000.

33. Defendants admit that SIBBG conducted testing of the Modified Ursack TKO in 2004 and produced a document entitled "Assessment of Modified Ursack TKO including Aluminum Insert" (the "Ursack TKO Assessment"). The allegations contained in the first, second, third and fourth sentences of this paragraph attempt to characterize the contents of the Assessment, but the Assessment itself is the best evidence of its contents. Defendants admit the allegations contained in the fifth sentence of this paragraph.

34. Defendants admit the allegations contained in this paragraph except that to the extent that the allegations contained in this paragraph attempt to characterize the contents of the Ursack TKO Assessment, but the Ursack TKO Assessment is itself the best evidence of its content.

35. This paragraph characterizes 36 C.F.R. §2.10(d), which sub-section itself is the best evidence of its content.

36. Defendants admit the allegations contained in this paragraph except to the extent that the allegations attempt to characterize the written conclusion of the "University of California professor of silverculture (forestry)." The written conclusion itself is the best evidence of its content.

37. Defendants admit the allegations contained in this paragraph except to the extent that the allegations attempt to characterize the contents of a letter from Richard Martin (former) Superintendent at SEKI dated November 8, 2004, sent to Plaintiff Thomas A. Cohen on behalf of SIBBG (the "November 8, 2004 Letter"). That letter itself is the best evidence of its content.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants admit the allegations contained in this paragraph except to the extent that the allegations attempt to characterize the contents of the November 8, 2004 Letter and attempt to characterize the contents of 36 C.F.R. §2.10(b)(2) which are, respectively, the best evidence of their contents, and except to aver that the November 8, 2004 Letter refers to the "modified

1  Ursack TKO" and not to the "S29."

2      40. Defendants admit the allegations contained in this paragraph except to the extent that
3  the allegations attempt to characterize the contents of the November 8, 2004 Letter, which Letter
4  itself is the best evidence of its contents and to aver that the November 8, 2004 Letter refers to
5  the "modified Ursack TKO" and not to the "S29," and except that the Defendants are without
6  information or knowledge sufficient to form a belief as to the truth or falsity of the phrase "there
7  has never been a documented case of a rabid bear in California" contained in second sentence of
8  this paragraph, and on that basis, it is denied.

9      41. Defendants admit the allegations contained in the first and second sentences of this
10 paragraph except to the extent that the allegations contained in the first and second sentences of
11 this paragraph attempt to characterize the November 8, 2004 Letter, which itself is the best
12 evidence of its contents and to aver that the November 8, 2004 Letter refers to the "modified
13 Ursack TKO" and not to the "S29." Defendants are without information or knowledge sufficient
14 to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph,
15 and on that basis, they are denied.

16     42. Defendants admit that black bears are not currently listed as "endangered" pursuant to
17 the federal Endangered Species Act, 16 U.S.C. § 1531 et seq. Except as expressly admitted,
18 Defendants are without information or knowledge sufficient to form a belief as to the truth or
19 falsity of the allegations contained in this paragraph, and on that basis, they are denied.

20     43. Defendants are without information or knowledge sufficient to form a belief as to the
21 truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

22     44. Defendants admit that SIBBG conditionally approved the Ursack S-29 Hybrid in May
23 2007 and that the conditional approval would be withdrawn if there were three failures during
24 2007. Except as expressly admitted, Defendants deny the allegations contained in this paragraph.

25     45. Defendants admit that on October 24, 2007 SIBBG held a meeting during which it
26 reviewed information regarding the Ursack S-29 Hybrid, including information on failures of the
27 Ursack S-29 Hybrid, and that SIBBG withdrew the conditional approval of the Ursack S-29
28 Hybrid. Except as expressly admitted, Defendants deny the allegations contained in the first and

THE DEFENDANTS' ANSWER TO COMPLAINT
C 08-1808 JL                       6

second sentences of this paragraph.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and on that basis, they are denied.

46. Defendants admit that the Office of the Solicitor, United States Department of the Interior, sent a letter dated November 27, 2007, to Richard P. Duane and Thomas A. Cohen regarding information about the Ursack S-29 Hybrid.  The November 27, 2007, letter itself is the best evidence of its content.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and on that basis, they are denied.

47. Defendants deny the allegations contained in the first sentence and admit the allegations contained in the third sentence of this paragraph.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and on that basis, they are denied.

48. Defendants admit that there are bear-resistant canisters called the Garcia Backpacker's Cache and the Bear Vault.  Except as expressly admitted, the Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and on that basis, they are denied.

49. Defendants deny the allegations contained in the first sentence of this paragraph.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the remaining allegations of this paragraph, and on that basis, they are denied.

50. Defendants admit the allegations contained in the second and fourth sentences of this paragraph.  The Defendants deny the allegations contained in the third sentence of this paragraph. Except as expressly admitted or denied, above, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and on that basis, they are denied.

51. This paragraph attempts to characterize a master thesis written by Kate McCurdy, which thesis itself is the best evidence of its content.

52. This paragraph attempts to characterize a master thesis written by Kate McCurdy, which thesis itself is the best evidence of its content. Defendants deny the allegations contained in the third sentence of this paragraph. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and on that basis, they are denied.

53. Defendants admit the allegations contained in this paragraph.

54. Defendants admit the allegations contained in the first sentence of this paragraph. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and on that basis, they are denied.

55. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

56. Defendants admit the allegations contained in the first sentence and deny the allegations contained in the second sentence of this paragraph.

57. Defendants admit the allegations contained in the first sentence and deny the allegations contained in the second sentence of this paragraph.

58. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

59. Defendants admit the allegations contained in this paragraph.

60. Defendants admit the allegations contained in the first and third sentences of this paragraph. Except as expressly admitted, Defendants deny the allegations contained in this paragraph.

## FIRST CAUSE OF ACTION

61. Defendants incorporate their responses from paragraphs 1 through 60 as though fully set forth herein.

62. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required. To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

63. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and on that basis, they are denied.

64. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

65. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

66. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

67. Defendants deny the allegations contained in this paragraph.

**SECOND CAUSE OF ACTION**

68. Defendants incorporate their responses from paragraphs 1 through 67 as though fully set forth herein.

69. Defendants deny the allegations contained in this paragraph.

70. Defendants deny the allegations contained in this paragraph.

71. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

72. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

73. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

74. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants

1  deny the allegations in this paragraph.

2  75. Defendants deny the allegations contained in this paragraph.

### THIRD CAUSE OF ACTION

76. Defendants incorporate their responses from paragraphs 1 through 75 as though fully set forth herein.

77. Defendants deny the allegations contained in this paragraph.

78. Defendants deny the allegations contained in this paragraph.

79. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

80. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

81. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

82.  Defendants deny the allegations contained in this paragraph.

### FOURTH CAUSE OF ACTION

83. Defendants incorporate their responses from paragraphs 1 through 82 as though fully set forth herein.

84. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

85. The allegations in this paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response may be deemed necessary, Defendants deny the allegations in this paragraph.

//

//

**REQUEST FOR RELIEF**

Paragraphs 1 through 5 in this section constitute Plaintiffs' prayer for relief, to which no response is required.

**AFFIRMATIVE DEFENSES**

1. Some or all of the claims in the Complaint fail to state a claim upon which relief can be granted against the Defendants.

2. The court lacks jurisdiction.

3. The Plaintiffs failed to exhaust their administrative remedies.

WHEREFORE, the Defendants respectfully request that the Court:

1. Deny the Plaintiffs' claims for relief and any relief, whatsoever;

2. Enter judgment in favor of the Defendants as to each and every claim asserted by the Plaintiffs and dismissing the Complaint with prejudice;

3. Award the Defendants their costs of suit and such other relief as the Court may deem just and proper.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 23, 2008                               /s/
                                        CHARLES M. O'CONNOR
                                        Assistant United States Attorney

OF COUNSEL:

GREGORY LIND
Assistant Field Solicitor
U.S. Department of the Interior

MARNIE G. GANOTIS
Assistant General Counsel
U.S. Department of Agriculture